UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRUCE E. GAMBILL JR.,<br><br>    Plaintiff,<br><br>  v.<br><br>US BANKRUPTCY COURT, et. al,<br><br>    Defendants. | CASE NO. C12-5963 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTIONS TO PROCEED *IN FORMA PAUPERIS* AND FOR TEMPORARY RESTRAINING ORDER AND DISMISSING COMPLAINT |

  This matter comes before the Court on Plaintiff Bruce E. Gambill ("Gambill"), motion for in forma pauperis (Dkt. 1) and motion for temporary restraining order ("TRO") (Dkt. 1-4). The Court has considered the pleadings filed in support of and the remainder of the file and hereby denies the motions for the reasons stated herein.

## I. PROCEDURAL AND FACTUAL HISTORY

  In Gambill's complaint, his alleges Racketeering Influenced and Corruptions Organizations ("RICO") violations, as well as other allegations involving personal injury and what he terms "color of law" violations. *See* Dkt. 1-2. Gambill's allegations are against the United States Bankruptcy Court, United State's Bankruptcy Court Judges

ORDER - 1

Snyder and Lynch, the Washington State Commission for Judicial Conduct, and the Washington State Bar Association, as well as three other named defendants, whose conduct or relationship to the allegations in the complaint is unclear. *See* Dkts. 1-2.

On November 6, 2012, with his complaint, Gambill filed both a motion to proceed in forma pauperis (Dkt.1 ) and an "emergency" motion, seeking to enjoin the foreclosure sale of his home scheduled for November 9, 2012. Dkt. 1-4. The Court concludes that Gambill's "emergency" motion should be considered a motion for TRO. *See* Fed. R. Civ. P. 65(b).

## II. DISCUSSION

The district court may permit indigent litigants to proceed in forma pauperis upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). However, the "privilege of pleading in forma pauperis . . . in civil actions for damages should be allowed only in exceptional circumstances." *Wilborn v. Escalderon*, 789 F.2d 1328 (9th Cir. 1986). Moreover, the court has broad discretion in denying an application to proceed in forma pauperis. *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963), *cert. denied* 375 U.S. 845 (1963).

A federal court may dismiss *sua sponte* pursuant to Fed. R. Civ. P. 12(b)(6) when it is clear that the plaintiff has not stated a claim upon which relief may be granted. *See Omar v. Sea Land Serv., Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) ("A trial court may dismiss a claim *sua sponte* under Fed. R. Civ. P. 12(b)(6) . . . . Such a dismissal may be made without notice where the claimant cannot possibly win relief."). *See also Mallard v. United States Dist. Court*, 490 U.S. 296, 307 (1989) (there is little doubt a federal court

would have the power to dismiss a frivolous complaint *sua sponte*, even in absence of an express statutory provision). A complaint is frivolous when it has no arguable basis in law or fact. *Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984).

Although Gambill's current submissions are mostly incomprehensible, the core of his complaint appears to be based on allegations of conspiracy to defraud him of his home and criminally induce him to file "fraudulent bankruptcy." Dkt. 1-2 at 2. Gambill alleges two million five-hundred thousand dollars ($2,500,000.00) in damages, resulting from the alleged conspiracy by the judiciary, including U.S. Bankruptcy Judges Snyder and Lynch[1], the U.S. Bankruptcy Court, and a state association and commission as well as other named individuals, two of which appear to be attorneys. Based on Gambill's incomprehensible submissions, the Court finds his allegations have no arguable basis in law or fact. The complaint may contain some substance as to malpractice claims against attorneys (Dkt. 1-2 at 3), assuming they have represented Gambill; however, there is no federal jurisdiction for such claims, but there might be state court jurisdiction. The Court

---

[1] "Judges are absolutely immune from civil liability for damages for their judicial acts." *Mullis v. United States Bankruptcy Court for Dist. Of Nevada*, 828 F.2d 1385, 1388 (9th Cir. 1987). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction." *Id.* (*Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) (internal citations and quotation marks omitted)). Here, although Gambill states that he is suing the United States Bankruptcy Court, it appears that he is attempting to allege claims against Judges Snyder and Lynch, presumably based on their judicial acts. *See* Dkt. 1-2. Because Judges Snyder and Lynch, as well as court clerks, are entitled to absolute immunity, Gambill's complaint fails to state a claim against them upon which relief can be granted. *See Curry v. Castillo ( In re Castillo )*, 297 F.3d 940, 947-48 (9th Cir. 2002) (concluding that judicial immunity extends to non-judicial officers for all claims relating to the exercise of judicial functions, including administrative acts that are part of the judicial process).

finds that the majority of the complaint is incomprehensible and frivolous, and Gambill fails to adequately assert any ground to invoke this Court's jurisdiction.

Therefore, the Court **DENIES** Gambill's motion to proceed *in forma pauperis* (Dkt. 1), his motion for a TRO[2] (Dkt. 1-4), and dismisses his complaint for lack of jurisdiction. The Clerk is directed to close this case.

Dated this 8th day of November, 2012.

*[signature]*

BENJAMIN H. SETTLE
United States District Judge

---

[2] Gambill's motion for TRO seeks relief from the Court in the form of an injunction enjoining the foreclosure sale of his home scheduled for November 9, 2012. Dkt.1-4. However, since this court dismisses his complaint for lack of jurisdiction, it is not necessary to rule on his TRO.

Even assuming, without deciding, that Gambill could meet the standard for issuance of a TRO, establishing that (1) irreparable harm would occur in the absence of preliminary relief, (2) the balance of equities tipped in his favor, and (3) granting an injunction is in the public interest, Gambill must also establish a likelihood of success on, or serious questions going to, the merits. *Winter v. Natural Resources Defense Council*, 555 U.S. 7, 20 (2008). As discussed above, Gambill's complaint alleges claims against defendants that are entitled to judicial immunity and his allegations are without a basis in law or fact. Accordingly, he cannot show that he is likely to succeed on the merits of the case or even that there are serious questions going to the merits.

Although the Court acknowledges that the irreparable injury factor might weigh in favor of granting the TRO in that Gambill may be irreparably harmed if the foreclosure sale occurs, the record is insufficiently developed on this factor and the other factors of the public interest, and the balance of equities weighs in favor of denying the TRO. Moreover, the balance of equities also weighs in favor of denying the TRO in that Gambill waited until 3 days before the scheduled foreclosure sale to file this motion. He fails to state in his motion any reason why he would have only recently learned of the sale.